59 S.E.2d 429 (1950)
VEAZEY
v.
CITY OF DURHAM.
No. 743.
Supreme Court of North Carolina.
February 3, 1950.
*430 Claude V. Jones and Egbert L. Haywood, Durham, for petitioner.
DEVIN and DENNY, Justices, considering the petition to rehear.
The defendant filed petition to rehear on the ground that the judgment below, which was affirmed by this Court, awarded plaintiff permanent damages for injury to plaintiff's land caused by the discharge of sewage into streams flowing through it under the system of disposal then in use, and at same time required the City to remedy the conditions found to constitute a nuisance, and to prevent discharge of raw sewage into those streams, and to repair its pipe line from disposal plant to Neuse River.
After careful consideration of the matters set out in the petition, we are of opinion that there was no error in awarding permanent damages on the verdict of the jury, and that upon payment of such damages the defendant will acquire permanent right to operate its present sewage disposal plant on Ellerbe Creek so long as it is kept in proper repair, but we think the defendant has no just cause to complain of the provisions of the judgment prohibiting it from discharging raw and untreated sewage into the waters of Ellerbe Creek, and that these portions of the judgment are designed to prevent the infliction of additional injury on plaintiff's property in the future. In accord with the verdict the Court properly required the defendant to keep in repair the pipe line which it installed pursuant to the easement heretofore acquired.
We do not understand that the City of Durham has ever acquired an easement which gives it the right to empty untreated sewage from its North Side Disposal Plant into the open channel of Goose Creek or Ellerbe Creek. And certainly the City of Durham does not have the right to dump raw sewage into Neuse River or any other stream from which a public drinking-water supply is taken at a point below where such sewage is discharged. G.S. § 130-117.
Petition to rehear is denied.