EUNICE MAI GARNER v. ROBERT JOHN GARNER.

(Filed 14 December, 1966)

1. **Divorce and Alimony § 1; Judgments § 28—**

The doctrine of *res judicata* applies to divorce actions as well as other civil actions.

2. **Divorce and Alimony § 1—**

The fact that the wife has the alternate remedy of independent action or a cross-action to secure alimony without divorce, G.S. 50-16, has no effect on the principles of *res judicata*, and does not authorize her to bring an independent action based upon abandonment when the issue of abandonment has theretofore been determined adversely to her by verdict of the jury in the husband's action for divorce on the grounds of separation.

3. **Judgments § 28—**

A judgment estops the parties and their privies as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings which the parties, in the exercise of reasonable diligence, could and should have brought forward.

4. **Judgments § 30—**

Where, in the husband's action for divorce on the ground of separation, the wife sets up the defense that the husband had abandoned her on a specified date, and the issue of abandonment is determined adversely to her by verdict of the jury, she may not assert an abandonment occurring at a later date as the basis for an independent action instituted by her three days after the judgment in the first action, since it is apparent that the wife, by the exercise of due diligence, must have known the actual date of abandonment, if any, and that any evidence in support of her independent action must have been available to her in the first action.

5. **Judgments § 38—**

The rule that the plea of *res judicata* cannot be determined without an examination of the evidence and the judge's charge applies to a second action entered after involuntary nonsuit and does not apply to a final judgment entered on the verdict of a jury, and therefore when defendant introduces the pleadings, issues, verdict and judgment in a prior action

and it appears therefrom that the parties are identical, and that the identical issue sought to be raised in the second action was determined by final judgment in the prior action, the court properly allows the motion of defendant in the second action to dismiss that action on the ground of *res judicata.*

APPEAL by plaintiff from *Hubbard, J.,* 15 August 1966 Regular Civil Non-jury Session of WAKE.

Plaintiff instituted this action for divorce *a mensa et thoro* and for other related relief on the ground of abandonment.

Plaintiff's husband, who is the defendant in this action, brought suit for absolute divorce on 27 July 1965, alleging one-year separation from 26 July 1964. Plaintiff, as the defendant in the first action, answered and counterclaimed for alimony *pendente lite* and alimony without divorce, alleging adultery and *abandonment* by her husband on *29 November 1964.* The first action came on for trial on 24 June 1966. The jury answered pertinent issues as follows: "3. Have the plaintiff and defendant lived separate and apart from each other continuously for more than one year next preceding the institution of this action, as alleged in the complaint? Answer: No. 4. Did the plaintiff wilfully abandon the defendant as alleged in the answer and cross-action? Answer: No."

Upon the foregoing verdict judgment was entered denying relief to both parties. No appeal was taken by either party. On 27 July 1966 plaintiff filed suit against her husband in Wake County Superior Court for divorce from bed and board, alleging that her husband had wrongfully abandoned her on or about *1 January 1965.* The husband answered and moved to dismiss the present action on the ground of *res judicata.* The defendant introduced the pleadings, issues, verdict and judgment in the prior action. Upon consideration of the record proper of the previous trial (and not the evidence or charge to the jury) the trial judge held the former judgment was *res judicata* as to the present suit and dismissed the action. Plaintiff appealed.

*Robert T. Hedrick and John V. Hunter III for plaintiff.*
*Liles & Merriman for defendant.*

BRANCH, J. The sole question presented is whether the court below erred in dismissing plaintiff's cause of action on the ground of *res judicata.*

The doctrine of *res judicata* applies to divorce actions as well as other civil cases. *Thurston v. Thurston,* 99 Mass. 39; *Miller v. Miller,* 92 Va. 196; *Dwyer v. Dwyer,* 26 Mo. App. 647; *Ford v. Ford*

(Okla.) 108 P. 366; *Prall v. Prall,* 50 S. 867 (Fla.); Lee: N. C. Family Law, Vol. 1, Sec. 51, p. 213 — Joinder of Causes.

The appellant contends that the provision of G.S. 50-16 (as amended in 1955) granting the wife the remedy of independent action or cross-action where the husband sues for divorce, precludes application of the principle of *res judicata.* The statute provides, *inter alia,* that where a husband wrongfully abandons his wife, "the wife may institute an action in the Superior Court of the county in which the cause of action arose to have reasonable subsistence and counsel fees allotted and paid or secured to her from the estate or earnings of her husband, or she may set up such a cause of action as a cross action in any suit for divorce, either absolute or from bed and board." Thus, the wife has an *alternate* method of procedure which she may use *at her election. Beeson v. Beeson,* 246 N.C. 330, 98 S.E. 2d 17. The right to choose procedure has no effect on the principles of *res judicata.* Therefore, this portion of the appellant's contention is without merit.

The appellant also contends that the court erred in dismissing the action because the second action was based on an alleged abandonment occurring at a date later than the abandonment alleged in the first action. This contention is not tenable.

" 'The principles governing estoppels by judgment are established by a long line of decisions in this and other states, and we have no desire to take a new departure which will shake the long-settled law as to *res judicata.* This rule is thus stated in 1 Herman Estoppel, sec. 122, and is fortified by a long list of leading authorities there cited: "The judgment or decree of a court possessing competent jurisdiction is final as to the subject-matter thereby determined. The principle extends further. It is not only final as to matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have decided. . . . This extent of the rule can impose no hardship. It requires no more than a reasonable degree of vigilance and attention; a different course might be dangerous and often oppressive. It might tend to unsettle all the determinations of law and open a door for infinite vexation. The rule is founded on sound principle." ' " *Moore v. Harkins,* 179 N.C. 167, 101 S.E. 564. This principle was again recognized by this Court when Barnhill, J. (later C.J.), speaking for the Court in the case of *Bruton v. Light Co.,* 217 N.C. 1, 6 S.E. 2d 622, said: "A judgment rendered in an action estops the parties and their privies as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, *in the exercise of reasonable diligence, could and should have brought forward.* . . . The whole tendency of our

decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He can neither *split up his claim nor divide the grounds of recovery.*" (Emphasis ours) See also *Gaither Corp. v. Skinner,* 241 N.C. 532, 85 S.E. 2d 909, and *Wilson v. Hoyle,* 263 N.C. 194, 139 S.E. 2d 206.

In the instant case plaintiff filed verified pleadings on 12 October 1965, stating "that the plaintiff abandoned the cross-complainant on the 29th day of November 1964, and has lived continuously separate and apart from the cross-complainant since that time." The plaintiff stood by this allegation for more than eight months, and after the jury returned a verdict finding that the defendant did not abandon the plaintiff, she three days later commenced an action based on the same cause, between the same parties, only stating a different date of abandonment. It is apparent that the plaintiff by exercising a reasonable degree of attention or vigilance must have known the actual date of abandonment, if any. *There is no evidence to be offered in the second action that was not available to her, by the exercise of ordinary diligence and attention, in the first action.* After a full hearing on the merits, the jury returned a verdict against the plaintiff on the issue of abandonment, which she now seeks to re-litigate between the same parties.

Finally, the plaintiff contends that the trial judge erred in dismissing the action without examining the evidence and the judge's charge. This Court in the recent case of *Powell v. Cross,* 268 N.C. 134, 150 S.E. 2d 59, again recognized that when the prior action results in an involuntary nonsuit, the trial judge must consider evidence in the second action so as to ascertain that not only the allegations but the evidence in the two actions are substantially identical. Also, in the case of *Reid v. Holden,* 242 N.C. 408, 88 S.E. 2d 125, the Court held: "And in determining whether a judgment constitutes *res judicata,* the judgment must be interpreted with reference to the pleadings, the evidence, the judge's charge and the issues submitted to and answered by the jury."

However, a distinction has been made where the identity of the parties is clearly established and it appears from the pleadings that a final judgment has determined substantially identical issues. One of the leading cases making this distinction is the case of *Jenkins v. Fowler,* 247 N.C. 111, 100 S.E. 2d 234, where the defendant offered the judgment roll of a prior action in evidence upon the plea of *res judicata.* The Court held: "A jury has heard the facts, determined them adversely to the present plaintiff, and judgment has been entered on that verdict. This judgment is conclusive and prevents further inquiry into the facts forming the basis of the present action. . . . There is nothing in *Reid v. Holden,* 242 N.C. 408, 88 S.E. 2d

125, in conflict with what is here said. In that case the plea of *res judicata* did not establish the identity of the parties or the identity of the controversial facts in the two suits. Here, the parties are identical, and an examination of the pleadings in the two suits shows that the issue of the defendants' negligence is the same in each suit."

The Court again recognized these distinctions in the case of *Walker v. Story,* 256 N.C. 453, 124 S.E. 2d 113, where Bobbitt, J., speaking for the Court, said: "Reference is made in *Hayes v. Ricard, supra* (251 N.C. 485, 112 S.E. 2d 123), to the well established rule that '(a) judgment rendered in an action estops the parties and their privies as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence, could and should have brought forward.' *Bruton v. Light Co.,* 217 N.C. 1, 6 S.E. 2d 822. But this rule is applicable where, as held in *Hayes v. Ricard, supra,* the judgment in the prior action constitutes an adjudication thereof upon the merits, *not to a judgment of involuntary nonsuit entered on account of the insufficiency of plaintiff's evidence.*" (Emphasis ours)

The ultimate issue in both actions considered in the instant case was whether the defendant abandoned the plaintiff. A final judgment adverse to the plaintiff was entered on this issue in the first action. This judgment is *res judicata* and constitutes a bar to the present action.

Affirmed.