STATE OF NORTH CAROLINA ON RELATION OF THE NORTH CAROLINA MILK COMMISSION v. PET, INCORPORATED

No. 8310SC613

(Filed 5 June 1984)

Administrative Law § 5; Agriculture § 15— jurisdiction of Superior Court to amend order concerning Milk Commission case when amendment affected later action by Milk Commission

      In an action where the Milk Commission found that defendant had violated the law by failing to submit reports and make records available to the Commission as authorized by G.S. 106-266.8(5), (12) and (14), and where the Commission suspended defendant's license to distribute milk in North Carolina; where defendant appealed from the order of the Commission to the Superior Court pursuant to G.S. 106-266.15(a), and the Superior Court ordered further proceedings in relation to the Milk Commission order be stayed and suspended "until a final decision is had by" the Superior Court; where the Commission amended its rules and regulations approximately two years subsequent to the entry of the Superior Court order and made a request for information from defendant pursuant to the new rule, the trial court had jurisdiction to modify the 1980 order by staying and enjoining the Commission from obtaining any of defendant's records revealing its production costs until a

final decision was rendered by the courts as to the merits of defendant's original appeal.

APPEAL by plaintiff from *Bailey, Judge.* Order entered 9 March 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 6 April 1984.

The plaintiff, the State of North Carolina on relation of the North Carolina Milk Commission (hereinafter "the Commission"), appeals from an order of the Wake County Superior Court enjoining the Commission from taking certain action against defendant with respect to defendant's refusal to disclose price and cost information requested by the Commission. This matter originated when the Commission by letter dated 17 November 1978 requested that the defendant, a licensed distributor of milk and milk products, file with the Commission cost data reflecting defendant's cost of processing and distributing milk and milk products, and certain price information. Defendant filed general cost and price information but refused to submit all of the information requested. The Commission notified defendant that its refusal to make records available to the Commission as authorized by G.S. 106-266.8(5) and (12), and its failure to submit reports containing the information requested by the Commission as authorized by G.S. 106-266.8(14) was a violation of the law, and that defendant was to appear before the Commission on 28 August 1979 to show cause why its license should not be revoked for such violation.

Defendant filed an answer with the Commission denying that it had violated any published regulation promulgated under the statutory authority of the Commission. Defendant also filed a motion to dismiss the action and a motion to quash the subpoena issued for the information on the grounds that the Commission's enabling statute, Chapter 106 of the General Statutes of North Carolina, was unconstitutional or was otherwise being illegally enforced. Subsequently, the Commission held a hearing on the alleged violations and denied defendant's motions. On 12 February 1980, the Commission adopted a resolution in which it found that defendant had violated the law by failing to submit reports and make records available to the Commission as authorized by G.S. 106-266.8(5), (12) and (14), and suspended defendant's license to distribute milk in North Carolina effective 17 March 1980. The resolution provided further for the waiver of said suspension

upon the payment by defendant of a $5,000.00 penalty to the Commission.

Defendant appealed from the order of the Commission to the superior court pursuant to G.S. 106-266.15(a). Defendant requested a trial *de novo* and a stay of the Commission's order pending final decision of the matter by the court. On 17 March 1980, Judge Bailey ordered "that all further proceedings in relation to the Order of the Milk Commission of February 12, 1980, be stayed and suspended until a final decision is had by this Court." Defendant's appeal from the order of the Commission has not yet been heard in superior court.

On or about 1 April 1982, the Commission amended its rules and regulations found at Title 4, Chapter 7 of the North Carolina Administrative Code by adding a new rule titled ".0514 UNIFORM SYSTEM FOR DETERMINING THE COST OF PROCESSING AND DISTRIBUTING MILK" (hereinafter "4 NCAC 7 .0514"). Under the new rule, the Commission set forth a detailed, uniform procedure to be used by distributors/processors in determining their cost of processing and distributing milk and milk products. The information required under the rule includes the same information requested by the Commission in its letter of 17 November 1978, only in greater detail.

Subsequently, the Commission made demands for cost data from defendant pursuant to 4 NCAC 7 .0514. The defendant filed a motion in the cause requesting that the court modify the 1980 order by staying and enjoining the Commission from obtaining any of defendant's records revealing its production costs until a final decision is rendered by the courts as to the merits of defendant's appeal. In an order entered 9 March 1983, Judge Bailey ordered as follows:

"that all further proceedings in relation to the Order of the Milk Commission of February 12, 1980 and action by the Milk Commission under 4 NCAC 7 .0514 be stayed and suspended until final decision is had by this Court.

. . . that the North Carolina Milk Commission and its members are enjoined from enforcement of N.C.G.S. §§ 106-266.8(5) and 106-266.8(12) and the Commission's regulations and policies promulgated pursuant thereto insofar as the

Commission seeks disclosure of Pet's records revealing the costs incurred by Pet in the processing or distribution of milk and dairy products or the prices charged by Pet at resale and wholesale for such products pending the further order of this Court."

From this order, plaintiff appealed.

*Harris, Cheshire, Leager and Southern, by Samuel R. Leager, for plaintiff appellant.*

*Bailey, Dixon, Wooten, McDonald and Fountain, by Wright T. Dixon, Jr. and Gary K. Joyner, for defendant appellee.*

WEBB, Judge.

The Milk Commission argues it was error for the superior court to amend an order in a 1980 case which amendment affected action taken by it in 1983. It contends its 1983 action is a separate case and the defendant must appeal from that order for a *de novo* hearing. The Milk Commission says the superior court has enjoined it from performing its statutory duties without any compliance with the requirements for an injunction.

We hold that the court did not err by entering an order in the action which was before it. The information requested by the Commission in the letter dated 17 November 1978 is essentially the same information the Commission requested pursuant to 4 NCAC 7 .0514, although the later request was in more detail. The request for information in each instance was to determine whether Pet was in compliance with the cost provisions of the law. *See* G.S. 106-266.19. We believe the superior court had jurisdiction to amend the 1980 order as it did.

Having determined the superior court had jurisdiction to amend the order, we hold that an appeal on the merits of the court's determination is premature. The order does not finally dispose of the case and is interlocutory. *See Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377, *reh'g denied,* 232 N.C. 744, 59 S.E. 2d 429 (1950). We do not believe it affects a substantial right claimed by the plaintiff which will work an injury to it if not corrected before an appeal from a final judgment. The order maintains the status quo until the case is determined on its merits.

For the reasons stated in this opinion, we hold that the appeal should be dismissed.

Appeal dismissed.

Judges BECTON and EAGLES concur.