JOSEPH M. WARD v. PITT COUNTY MEMORIAL HOSPITAL, INC.

No. 853SC1343

(Filed 17 June 1986)

Abatement § 8— two suits—same subject matter—same defendant—abatement proper

   The judgment of the trial court abating plaintiff's action was proper where plaintiff brought two suits, defendant was a defendant in both, and both were based on the same circumstances and subject matter, and it was immaterial that plaintiff's theory in the first suit was libel and in the present suit was breach of contract.

APPEAL by plaintiff from *Watts, Judge.* Order entered 25 September 1985 in Superior Court, PITT County. Heard in the Court of Appeals 18 April 1986.

   *Voerman & Ward, by William F. Ward, III, for plaintiff appellant.*

   *James T. Cheatham and Ward and Smith, by David A. Stoller, for defendant appellee.*

PHILLIPS, Judge.

   In a prior action started on 9 August 1983 in the Pitt County Superior Court, plaintiff sued the defendant and various of its employees and professional staff members, alleging that he had been damaged by the circulation among the staff in August 1982 of a memorandum written by a certain nurse, which falsely indicated that plaintiff, a physician on the staff of defendant hospital, had neglected a patient by being unavailable when the nurse tried to call him. The complaint charged that the remarks

were recklessly or negligently made, and asked for the recovery of actual and punitive damages and that the hospital be restrained from interfering with his rights as a member of the hospital staff. That action is still pending. In August 1985 in the same court plaintiff filed this action against defendant alone. In the complaint he alleged that the circulation of the same false memorandum referred to in the prior action was a breach of defendant's contract with plaintiff to provide hospital facilities and services to plaintiff's patients, and asked for the recovery of both compensatory and punitive damages. Pursuant to defendant's plea of abatement this later action was dismissed and plaintiff's appeal is from that dismissal.

The judgment abating plaintiff's action was proper and we affirm it. "The whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He can neither *split up his claim nor divide the grounds of recovery. Garner v. Garner,* 268 N.C. 664, 666-67, 151 S.E. 2d 553, 555 (1966). (Emphasis theirs.) That plaintiff's theory of recovery in the first suit was libel and in this one breach of contract is immaterial. Both suits concern the same subject matter and are based upon the same circumstances; and under our law the same subject matter and circumstances can give rise to but one suit for redress against the same defendant, though many claims or theories of recovery may be asserted therein. *Underwood v. Dooley,* 197 N.C. 100, 147 S.E. 686 (1929). Since the claim made against defendant in this suit could and should have been made in the first one it is immaterial that the parties defendant in the two cases are not precisely the same. *Emry v. Chappell,* 148 N.C. 327, 62 S.E. 411 (1908). It is enough to warrant the abatement that plaintiff brought both suits, that defendant is a defendant in both, and that both are based on the same circumstances and subject matter. *Barcliff v. Norfolk Southern Railroad Co.,* 176 N.C. 39, 96 S.E. 644 (1918).

Affirmed.

Judges BECTON and COZORT concur.