PELICAN WATCH, A NORTH CAROLINA PARTNERSHIP, AND DERWOOD H. GODWIN, SR., OSCAR L. NORRIS, MURRAY O. DUGGINS, KENNETH M. NORRIS, AND DEBORAH N. HOOKER, THE GENERAL PARTNERS OF PELICAN WATCH v. UNITED STATES FIRE INSURANCE COMPANY AND AMERICAN INTERNATIONAL CONSULTANTS, INC.

No. 263PA88

(Filed 4 January 1989)

1. Appeal and Error § 6.2— compensatory damages—summary judgment—right of appeal

   Plaintiffs were entitled to appellate review of the trial court's grant of summary judgment against them on the issue of compensatory damages since that portion of the trial court's order was a final judgment.

2. Appeal and Error § 6.2— partial summary judgment for plaintiff—denial of summary judgment for defendant—no right of appeal

   An order of the trial court allowing plaintiff's motion for partial summary judgment on the issue of liability, reserving for trial the issue of damages, and denying defendant's motion for summary judgment was interlocutory and not appealable by defendant.

ON plaintiffs' and defendant United States Fire Insurance Company's petitions for discretionary review of a decision of the

Court of Appeals, 90 N.C. App. 140, 373 S.E. 2d 113 (1988), dismissing both appeals from an order entered by *Smith, J.,* at the 10 August 1987 Civil Session of Superior Court, CUMBERLAND County. Heard in the Supreme Court 14 December 1988.

*Tuggle, Duggins, Meschan & Elrod, P.A., by J. Reed Johnston, Jr., for plaintiff-appellants.*

*Henson, Henson, Bayliss & Teague, by Perry C. Henson and Jack B. Bayliss, Jr., for defendant-appellant.*

PER CURIAM.

In this civil action plaintiffs sought to recover from defendants, jointly and severally, actual damages, damages for unfair or deceptive trade acts or practices, and punitive damages arising out of a contract of insurance issued by defendant United States Fire Insurance Company (USFIC) through American International Consultants, Inc., to plaintiffs. Plaintiffs subsequently took a voluntary dismissal of their claims against American International Consultants, Inc., leaving USFIC as the only party defendant.

On 14 August 1987, Judge Smith entered summary judgment in favor of defendant USFIC and against the plaintiffs with respect to the plaintiffs' claim for actual damages, and entered summary judgment for plaintiffs "against the defendant USFIC on the liability issues on plaintiffs' claim made pursuant to N.C.G.S. Chapter 75 and N.C.G.S. § 58-54.4 and plaintiffs' claim under the common law for punitive damages . . . ." Judge Smith also found that the order affected substantial rights of both parties and that there was no reason for delay in obtaining appellate review.

Plaintiffs and defendant USFIC appealed to the Court of Appeals. The Court of Appeals dismissed both appeals, holding that defendant's appeal was from a judgment that was not final and that plaintiffs' appeal was from a judgment that disposed of fewer than all the claims and did not involve a substantial right. Plaintiffs' and defendant's petitions for discretionary review were allowed by this Court on 7 September 1988, with review limited to the propriety of the dismissal of the respective appeals.

[1] The Court of Appeals erred in dismissing the plaintiffs' appeal. Plaintiffs were appealing from a summary judgment which dismissed their claim for compensatory damages. That portion of

the trial judge's order was a final judgment and plaintiffs were entitled to appellate review of the grant of summary judgment against them on the issue of compensatory damages. *Oestreicher v. American National Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976). In *Oestreicher*, the trial judge granted summary judgment in favor of the defendant on punitive damage and anticipatory breach of contract claims but denied summary judgment on the plaintiff's breach of contract claim. The plaintiff appealed, the Court of Appeals dismissed the appeal and this Court held that the dismissal was error. This Court held that final dismissal of the claims under summary judgment involved substantial rights and the plaintiff was entitled to an immediate appeal therefrom. *Id.* Plaintiffs' appeal here is controlled by *Oestreicher*.

[2] The Court of Appeals held that defendant's appeal from a partial summary judgment for plaintiffs on the issue of liability only was not a final judgment within the meaning of N.C.G.S. § 1-277. We agree. The order of a trial court allowing the plaintiff's motion for partial summary judgment on the issue of liability, reserving for trial the issue of damages, and denying the defendant's motion for summary judgment, is interlocutory and not appealable. *Industries, Inc. v. Insurance Company*, 296 N.C. 486, 251 S.E. 2d 443 (1979).

While we agree with the panel of the Court of Appeals below that defendant's appeal was interlocutory and therefore subject to dismissal, we believe that dismissal of defendant's appeal in this case would encourage rather than prevent fragmentary and partial appeals. Accordingly, in the exercise of our supervisory authority and in the interest of judicial economy, we treat defendant's appeal as a petition for certiorari. The petition for certiorari is allowed and the decision of the Court of Appeals dismissing defendant's appeal is reversed *solely for the reasons stated herein.*

Since this case was not heard on the merits in this Court, we remand to the Court of Appeals for consideration on the merits of the issues raised in the plaintiffs' and defendant's briefs previously filed in that court.

Reversed and remanded.