STATE OF NORTH CAROLINA, EX REL. EMPLOYMENT SECURITY COMMIS-
SION v. IATSE LOCAL 574

No. 9321SC1018

(Filed 3 May 1994)

**Appeal and Error § 137 (NCI4th) — action remanded by trial court
to determine amount of refund — interlocutory order — order
not appealable**

The order appealed from was interlocutory and not immediately appealable where the trial court ordered that appellee be refunded all unemployment taxes erroneously collected or assessed for a specified period of time, and the court further ordered that the action be remanded to the Employment Security Commission for determination of the amount of refund to which appellee was entitled.

**Am Jur 2d, Appeal and Error § 125.**

Appeal by State of North Carolina ex rel. Employment Security Commission from judgment entered 16 July 1993 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 5 April 1994.

This is a proceeding instituted by the International Alliance of Theatrical Stage Employees Local 574 (hereinafter "IATSE") pursuant to N.C. Gen. Stat. § 96-10(e) for the refund of unemployment taxes. A hearing was conducted by a deputy commissioner of the Employment Security Commission (hereinafter the Commission) on 14 January 1992. On 7 May 1992, the deputy commissioner filed an opinion in which he concluded that IATSE was not an

"employer" as to most of its members and was not liable for unemployment taxes from the second quarter of 1989 forward. The deputy commissioner further concluded that the Commission had no jurisdiction to consider awarding a refund for unemployment taxes paid from 1 January 1984 through the first quarter of 1989. IATSE appealed to the full Commission from that portion of the deputy commissioner's opinion concluding that the Commission had no jurisdiction to consider awarding a refund.

Following a hearing, the full Commission affirmed the deputy commissioner's opinion. IATSE appealed to the Forsyth County Superior Court, and following a hearing held on 21 June 1993, that court entered a judgment ordering that IATSE be refunded all taxes erroneously collected or assessed for the years 1984 through the first quarter of 1989. The trial court further ordered that the action be "remanded to the Employment Security Commission for determination of the amounts of refund to which IATSE is entitled under provisions of N.C.G.S. § 96-10(e) in accordance with this Judgment." The Commission appeals.

Staff Attorney C. Coleman Billingsley, Jr. for appellant Employment Security Commission.

Elliot, Pishko, Gelbin & Morgan, P.A., by Robert M. Elliot, for appellee International Alliance of Theatrical Stage Employees, Local Union 574.

WELLS, Judge.

Although not raised by either of the parties, we must first determine whether this case is presently appealable. In re Watson, 70 N.C. App. 120, 318 S.E.2d 544 (1984), disc. rev. denied, 313 N.C. 330, 327 S.E.2d 900 (1985). We conclude that the order appealed from is interlocutory and not immediately appealable.

The judgment of the trial court remanded the case for further hearing before the Commission. N.C. Gen. Stat. § 96-4(n) provides that in employment security cases "[e]ither party may appeal to the appellate division from the judgment of the superior court under the same rules and regulations as are prescribed by law for appeals." N.C. Gen. Stats. §§ 1-277 and 7A-27, considered together, provide that no appeal lies to an appellate court from an interlocutory judgment unless that ruling deprives the appellant of a substantial right which it would lose if the ruling were not reviewed before

final judgment. *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E.2d 777 (1983). A ruling is interlocutory if it does not determine the issues but directs some further proceeding preliminary to a final decree. *Id.*

In the present case, the Commission has attempted to appeal from a judgment of the trial court which is not final on its face since the trial court ordered the Commission to determine the refund to which IATSE is entitled. Therefore, the judgment of the trial court is interlocutory. *See Hardin v. Venture Construction Co.*, 107 N.C. App. 758, 421 S.E.2d 601 (1992). The issues which the Commission seeks to raise in this appeal may be raised after a final judgment is entered in this case, and the Commission will not be deprived of a substantial right absent immediate appeal.

For these reasons, the appeal of the Employment Security Commission must be dismissed.

Appeal dismissed.

Judges COZORT and McCRODDEN concur.