FREDERICK TINCH v. VIDEO INDUSTRIAL SERVICES, INC., WESTERN TEMPORARY SERVICES, INC., HENDON ENGINEERING ASSOCIATES, INC., METROPOLITAN SEWERAGE DISTRICT OF BUNCOMBE COUNTY, AND CARYLON CORPORATION

No. 528PA96

(Filed 5 December 1997)

**Appeal and Error § 120 (NCI4th)— summary judgment as to one defendant—right of immediate appeal**

The Court of Appeals erred by dismissing as interlocutory plaintiff's appeal from an order granting summary judgment for defendant Video where (1) the summary judgment order terminates plaintiff's action as to that defendant and deprives plaintiff of a jury trial on that alleged cause of action, and (2) the applicability of N.C.G.S. § 97-10.2 as alleged in defendant Hendon's answer raises the possibility of inconsistent verdicts as to defendant Video's liability if plaintiff is required to wait until after trial on the merits against the other defendants to have the merits of plaintiff's appeal as to defendant Video determined.

**Am Jur 2d, Appellate Review § 693.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 124 N.C. App. 391, 477 S.E.2d 193 (1996), dismissing as interlocutory appeals by plaintiff and by defendant Hendon Engineering Associates, Inc. from an order entered 5 October 1995 by Gardner, J., in Superior Court, Mecklenburg County. Heard in the Supreme Court 9 September 1997.

*John A. Mraz, P.A., by John A. Mraz, for plaintiff-appellant.*

*Ball, Barden & Bell, P.A., by Ervin L. Ball, Jr., for defendant-appellee Video Industrial Services, Inc.*

PER CURIAM.

Plaintiff instituted this civil action against, among other defendants, Hendon Engineering Associates, Inc. ("Hendon") and Video Industrial Services, Inc. ("Video") alleging that both defendants were negligent and that defendant Video had knowingly engaged in conduct substantially certain to cause him injury. Plaintiff had been hired by Video through referral from defendant Western Temporary Services, Inc. to assist on a project in which Video was a subcontractor of Hendon. Plaintiff was injured on the job.

## TINCH v. VIDEO INDUSTRIAL SERVICES

[347 N.C. 380 (1997)]

Defendant Video moved for summary judgment as to all claims asserted by plaintiff. The trial court entered summary judgment for Video. Defendant Hendon also moved for summary judgment; Hendon's motion was allowed in part and denied in part. The trial court also determined that there was no just reason for delay for purposes of appeal. On appeal the Court of Appeals granted plaintiff's motion to dismiss Hendon's appeal from the partial denial of Hendon's motion for summary judgment. On its own motion the Court of Appeals also dismissed as interlocutory plaintiff's appeal from the order granting Video summary judgment. This Court allowed plaintiff's petition for discretionary review. Hendon's petitions for writ of certiorari and discretionary review were denied by this Court.

The sole issue before this Court is whether the Court of Appeals erred in dismissing plaintiff's appeal as interlocutory. Defendant Video agrees with plaintiff that plaintiff's appeal should not have been dismissed. The general rule is that final judgments are always appealable, but interlocutory decrees can be immediately appealed only when they affect a substantial right and will result in injury to the appellant if not corrected before an appeal from the final judgment. *Bailey v. Gooding*, 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980).

In *Pelican Watch v. U.S. Fire Ins. Co.*, 323 N.C. 700, 375 S.E.2d 161 (1989), the trial judge "entered summary judgment in favor of defendant [United States Fire Insurance Company ("USFIC")] and against the plaintiffs with respect to the plaintiffs' claim for actual damages, and entered summary judgment for plaintiffs 'against the defendant USFIC on the liability issues on plaintiffs' claim made pursuant to N.C.G.S. Chapter 75 and N.C.G.S. § 58-54.4 and plaintiffs' claim under the common law for punitive damages. . . .' " *Id.* at 701, 375 S.E.2d at 161. The Court of Appeals dismissed both the plaintiffs' and the defendant's appeals. This Court held that the dismissal of the plaintiffs' appeal was error. This Court stated:

Plaintiffs were appealing from a summary judgment which dismissed their claim for compensatory damages. That portion of the trial judge's order was a final judgment and plaintiffs were entitled to appellate review of the grant of summary judgment against them on the issue of compensatory damages. *Oestreicher v. American National Stores*, 290 N.C. 118, 225 S.E.2d 797 (1976).

*Id.* at 701-02, 375 S.E.2d at 162. The final dismissal of a claim under summary judgment involves a substantial right from which a plaintiff has an immediate right of appeal. *Id.*

In the present case the order granting summary judgment as to Video terminates plaintiff's action as to that defendant and deprives plaintiff of a jury trial on that alleged cause of action. Furthermore, the applicability of N.C.G.S. § 97-10.2 as alleged in Hendon's answer raises the possibility of inconsistent verdicts as to defendant Video's liability if plaintiff is required to wait until after trial on the merits against the other defendants to have the merits of plaintiff's appeal as to Video determined. Under these circumstances a determination of the underlying substantive appeal will, in our view, promote finality rather than fragmentation in this case.

For the foregoing reasons we hold that the Court of Appeals erred in dismissing plaintiff's appeal and remand the case to that court for consideration on the merits of the issue raised in plaintiff's brief previously filed in that court.

REVERSED AND REMANDED.