KATHARINE H. STAFFORD, Plaintiff v. RENE CHARLES STAFFORD, Defendant

No. COA98-1306

(Filed 4 May 1999)

**Appeal and Error— appealability—divorce judgment—remaining issues reserved—appeal premature**

An appeal from a divorce judgment was dismissed where plaintiff sought an absolute divorce and equitable distribution, the trial court determined the date of separation, granted an absolute divorce, and reserved the remaining issues for later hearing, and defendant appealed. While the trial court's determination of the date of separation may have an impact on the unresolved issue of equitable distribution, the same factual issues are not involved, the threat of inconsistent verdicts is not present, and no substantial right of defendant would be prejudiced absent immediate appellate review.

Judge GREENE dissenting.

Appeal by defendant from judgment entered 23 April 1998 by Judge Peter L. Roda in Buncombe County District Court. Heard in the Court of Appeals 19 April 1999.

*Pitts, Hay, Hugenschmidt & Devereux, P.A., by James J. Hugenschmidt, for plaintiff-appellee.*

*Jackson & Jackson, by Phillip T. Jackson, for defendant-appellant.*

STAFFORD v. STAFFORD

[133 N.C. App. 163 (1999)]

WALKER, Judge.

The parties were married on 11 October 1980. Plaintiff filed a complaint on 14 May 1996 in which she sought an absolute divorce. She subsequently filed an amended complaint in which she also sought equitable distribution of marital property. Defendant filed a motion to dismiss, which the trial court denied, and later filed his answer and counterclaim. Plaintiff then filed a reply to defendant's counterclaim.

On 3 March 1998, the matter came on for hearing on the issue of absolute divorce, which was severed from the remaining issues in this cause with the parties' consent. The trial court determined the parties' date of separation to be the first week of October, 1992. After granting plaintiff an absolute divorce from defendant, the trial court reserved the remaining issues in this cause for later hearing. From the trial court's judgment, defendant appeals.

The initial issue presented by this appeal is whether it is premature. Although defendant asserts that the trial court's judgment is a final judgment within the meaning of N.C. Gen. Stat. § 7A-27(c) (1995), we disagree. The trial court's judgment "does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). Additional issues raised by the amended complaint, including equitable distribution, have not been resolved. The judgment is therefore not final but rather interlocutory in nature. *Id.*

Generally, no right of appeal lies from an interlocutory judgment. *State ex rel. Employment Security Comm. v. IATSE Local 574*, 114 N.C. App. 662, 442 S.E.2d 339 (1994). If there is no right of appeal, it is the duty of an appellate court to dismiss the appeal on its own motion. *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E.2d 338 (1978). "The reason for this rule is to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. review denied*, 315 N.C. 183, 337 S.E.2d 856 (1985).

Defendant argues in the alternative that the judgment affects a substantial right and that he is entitled to pursue this appeal pursuant to N.C. Gen. Stat. § 7A-27(d)(1). To be immediately appealable on that

## STAFFORD v. STAFFORD

[133 N.C. App. 163 (1999)]

basis, defendant has the burden of showing that: (1) the judgment affects a right that is substantial; and (2) the deprivation of that substantial right will potentially work injury to him if not corrected before appeal from final judgment. *Goldston v. American Motors Corp.*, 326 N.C. 723, 392 S.E.2d 735 (1990). Whether a substantial right will be prejudiced by delaying appeal must be determined on a case by case basis. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982).

In this matter, defendant asserts the trial court's "determination of the date of separation is so fundamental to an equitable distribution trial that it affects a substantial right . . . ." Defendant claims immediate review of the issues of this case are warranted for this reason and also in "the interest of judicial economy." Generally, the right to avoid a trial is not a substantial right, while avoidance of two trials on the same issues may be. *Green v. Duke Power Co.*, 305 N.C. 603, 290 S.E.2d 593 (1982). A party must show that the same factual issues would be present in both trials and that the possibility of inconsistent verdicts on those issues exists. *Moose v. Nissan of Statesville*, 115 N.C. App. 423, 444 S.E.2d 694 (1994). Defendant has not made such a showing in this matter. While the trial court's determination of the parties' date of separation may have an impact on the unresolved issue of equitable distribution, the same factual issues are not involved. No threat of inconsistent verdicts is present. Thus, no substantial right of defendant would be prejudiced absent immediate appellate review of the trial court's judgment. This appeal is

Dismissed.

Judge SMITH concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I believe the trial court's "Partial Judgment" setting the date of separation for the parties and granting absolute divorce is immediately appealable; therefore, I would address the merits of Defendant's appeal. Accordingly, I must respectfully dissent.

As a general rule, "final judgments are always appealable." *Tinch v. Video Industrial Services*, 347 N.C. 380, 381, 493 S.E.2d 426, 427 (1997) (per curiam); N.C.G.S. § 7A-27(c) (1995) ("From any final judgment of a district court in a civil action appeal lies of right directly to

the Court of Appeals."); N.C.G.S. § 1-277(a) (1996). A " 'decision which disposes not of the whole but merely of a separate and distinct branch of the subject matter in litigation' is final in nature *and is immediately appealable." Highway Commission v. Nuckles*, 271 N.C. 1, 13, 155 S.E.2d 772, 783 (1967) (quoting 4 Am. Jur. 2d *Appeal and Error* § 53 (1962) (emphasis added)). Our Supreme Court "interpret[s] G.S. 1-277 *so as to give any party to a lawsuit a right to an immediate appeal* from every judicial determination . . . which constitutes a final adjudication, *even when that determination disposes of only a part of the lawsuit." Oestreicher v. Stores*, 290 N.C. 118, 124, 225 S.E.2d 797, 802 (1976) (emphases added);[1] *Pelican Watch v. U.S. Fire Ins. Co.*, 323 N.C. 700, 701-02, 375 S.E.2d 161, 162 (1989) (per curiam) (holding that the trial court's dismissal of the plaintiffs' claim for compensatory damages "was a final judgment and plaintiffs were entitled to appellate review of the grant of summary judgment against them on [that] issue" even though other issues were still pending in the trial court).

In this case, the "Partial Judgment" is, despite its caption, a final judgment because it disposes of the parties' action for divorce, leaving nothing to be judicially determined in the trial court on that action. The divorce action was expressly "severed from the remaining issues in this cause" with the consent of the parties and is a "separate and distinct branch" of the parties' litigation which is final in nature. Accordingly, the trial court's judgment as to divorce is a final judgment and is immediately appealable.

In any event, even assuming the "Partial Judgment" entered in this case is interlocutory, it affects a substantial right which would be prejudiced absent immediate appeal. "[A]n order which completely disposes of one of several issues in a lawsuit affects a substantial

---

1. The language in *Oestreicher* as to what constitutes a substantial right may have been implicitly limited by subsequent Supreme Court cases. *See Moose v. Nissan of Statesville*, 115 N.C. App. 423, 426, 444 S.E.2d 694, 696 (1994) (noting that "two lines of cases" have emerged regarding whether a substantial right has been affected); *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 6-7, 362 S.E.2d 812, 816 (1987) (noting "two occasionally incompatible lines of authority governing the appealability of partial summary judgments," referring to the Supreme Court's apparent rejection of part of the *Oestreicher* opinion in *Green v. Duke Power Co.*, 305 N.C. 603, 290 S.E.2d 593, (1982)). Regardless of whether that portion of *Oestreicher* has been implicitly overruled, the remaining aspects of the *Oestreicher* opinion (including the statement cited above) remain unchallenged, and in fact, have been relied on in recent Supreme Court opinions. *See, e.g., DKH Corp. v. Rankin-Patterson Oil Co.*, 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998); *Crossman v. Moore*, 341 N.C. 185, 186, 459 S.E.2d 715, 717 (1995); *Pelican Watch*, 323 N.C. at 702, 375 S.E.2d at 162.

DAVIES v. LEWIS

[133 N.C. App. 167 (1999)]

right." *Case v. Case*, 73 N.C. App. 76, 78, 325 S.E.2d 661, 663 (1985) (allowing immediate appeal of the trial court's entry of summary judgment on the defendant's counterclaim for equitable distribution, even though claims for absolute divorce and child custody and support were still pending in the trial court, because it affected a substantial right), *disc. review denied*, 313 N.C. 597, 330 S.E.2d 606 (1985). In addition, the trial court's determination of the date of separation in the divorce action precludes relitigation of that issue for purposes of equitable distribution, *see, e.g., Garner v. Garner*, 268 N.C. 664, 665, 151 S.E.2d 553, 554 (1966) (noting that *res judicata* is applicable to divorce proceedings), and it cannot be modified by another district court judge upon a showing of changed conditions because it is not a discretionary ruling, but rather is a ruling on a matter of law which can only be reversed on appeal, *see, e.g., Calloway v. Motor Co.*, 281 N.C. 496, 501-03, 189 S.E.2d 484, 488-89 (1972). As such, the trial court's determination in this case affects a substantial right and is immediately appealable.