DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Lynn Muter ("Wife"), appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which dismissed her complaint for divorce from John Muter ("Husband"). This Court reverses.
 I. {¶ 2} Wife filed a complaint for divorce from Husband in the Summit County Court of Common Pleas, Domestic Relations Division, on October 10, 2007. In her complaint, she prayed for a divorce, as well as designation as the residential parent of the parties' minor children, child support, spousal support, and the equitable division of property. Also on October 10, 2007, Wife filed a motion for temporary orders, addressing issues, including, but not limited to, spousal support, child custody and child support. On November 27, 2007, Husband filed an answer and counterclaim for divorce. In his counterclaim, he prayed for an absolute divorce, as *Page 2 
well as an award of child custody, child support, and an equitable division of property. Wife filed an answer to Husband's counterclaim.
 {¶ 3} On December 26, 2007, the magistrate issued temporary orders, ordering, among other things, that Husband pay child support and spousal support to Wife, that Husband pay attorney fees and consulting fees to Wife, granting Husband companionship time with the children, and referring the parties to mediation regarding parental rights and responsibilities. On January 3, 2008, Husband filed a motion to set aside the temporary orders of the magistrate. Wife responded.
 {¶ 4} On January 8, 2008, Husband filed an amended counterclaim, again praying for an absolute divorce, an award of custody of the minor children, child support and an equitable division of property. Wife filed an answer to the amended counterclaim.
 {¶ 5} On January 30, 2008, Husband filed a motion to stay implementation of the temporary orders. Wife responded in opposition. On February 27, 2008, the magistrate denied the motion to stay. On May 21, 2008, Wife filed a motion for contempt, premised, among other things, on Husband's failure to pay spousal support, an unpaid portion of medical expenses and attorney fees and expenses.
 {¶ 6} On May 23, 2008, Husband filed a motion to dismiss the pending divorce action for lack of jurisdiction because an absolute divorce had been granted to the parties out of North Carolina. On May 19, 2008, the General Court of Justice, District Court Division, in Johnston County, North Carolina, issued a judgment of absolute divorce regarding the parties. The District Court granted Husband an absolute divorce from Wife, but further ordered that "[a]ll pending motions and claims, other than the absolute divorce, are and shall hereby be reserved for later determination by this court." Wife filed a memorandum in opposition to the motion to *Page 3 
dismiss, arguing that the North Carolina judgment was not entitled to full faith and credit, divesting the Summit County Domestic Relations Court of jurisdiction to address outstanding issues including child custody, child support and spousal support. On June 27, 2008, the trial court granted Husband's motion to dismiss for lack of jurisdiction, finding that the North Carolina judgment was properly accorded full faith and credit. Wife timely appeals, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFF'S COMPLAINT BASED UPON THE NORTH CAROLINA DECREE OF DIVORCE."
 {¶ 7} Wife argues that the trial court erred in dismissing her complaint for lack of jurisdiction because it was error to accord full faith and credit to the North Carolina judgment of absolute divorce. This Court agrees.
 {¶ 8} The Full Faith and Credit Clause of the United States Constitution requires states to accord full faith and credit to final judgments of other states. "In applying full faith and credit to the judgments of a sister state, Ohio courts give these judgments the same effect as they would have in the courts of the state where the adjudication was had." Barnett v. Barnett (1993), 85 Ohio App.3d 1, 4, citing Armstrong v. Armstrong (1927), 117 Ohio St. 558, 561; Speyer v.Continental Sports Cars, Inc. (1986), 34 Ohio App.3d 272, 276; 63 Ohio Jurisprudence 3d (1985) 121, Judgments, Section 350. Because "[t]he decision to give full faith and credit to another state's court decisions is a legal question[,]" this Court reviews that decision de novo, independent of, and without deference to, the lower court's decision. Rice v. Flynn, 9th Dist. No. 22416, 2005-Ohio-4667, at ¶ 28. *Page 4 
 {¶ 9} The Court of Appeals of North Carolina has held that a judgment of absolute divorce which reserves the remaining issues in the cause for later determination is not a final judgment within the meaning of N.C. Gen.Stat. § 7A-27(c)(1995). Stafford v. Stafford, 133 N.C.App. 163, 164
(1999). The North Carolina court reasoned that the judgment is not final because it "does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Id., quoting Veazey v. City of Durham, 231 N.C. 357, 362,57 S.E.2d 377, 381, reh'g denied, 232 N.C. 744, 59 S.E.2d 429 (1950). Accordingly, the Stafford court held such an order to be interlocutory in nature, rather than final. Id. at 164.
 {¶ 10} The judgment of absolute divorce in this case grants only a divorce to the parties. It reserves all other pending issues for later hearing and determination. Accordingly, the North Carolina judgment of absolute divorce, on the authority of Stafford, is not a final judgment. Therefore, the domestic relations court erred when it accorded full faith and credit to the North Carolina judgment of absolute divorce and, thereafter, dismissed Wife's complaint. Wife's assignment of error is sustained.
 III. {¶ 11} Wife's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
 The Court finds that there were reasonable grounds for this appeal. *Page 5 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
 MOORE, J., SLABY, J., CONCUR *Page 1