An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1325
NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

KENNETH E. NELSON,
     Plaintiff,

v.                                      Wake County
                                        No. 11 CVS 3217
ALLIANCE HOSPITALITY MANAGEMENT,
LLC, a Georgia limited liability
company, ROLF A. TWEETEN, and AXIS
HOSPITALITY, INC., an Illinois
corporation,
     Defendants.


Appeal by plaintiff from order entered 20 August 2013 by Special Superior Court Judge for Complex Business Cases James L. Gale in Wake County Superior Court. Heard in the Court of Appeals 8 April 2014.


> *Meynardie & Nanney, PLLC, by Joseph H. Nanney, Jr., for plaintiff-appellant.*

> *Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP, by Michael W. Mitchell and Jackson Wyatt Moore, Jr.; and Leader, Bulso & Nolan, PLC, by Eugene N. Bulso, Jr., pro hac vice for defendants-appellees.*


HUNTER, Robert C., Judge.


Plaintiff Kenneth Nelson ("plaintiff" or "Nelson") appeals the order granting defendants' motion for summary judgment as to

plaintiff's claims for damages. On appeal, plaintiff argues that the trial court erred as a matter of law by ruling that: (1) plaintiff's damages were too remote; (2) certain damages are recoverable only in a derivative action; and (3) plaintiff was not entitled to punitive damages.

After careful review, we dismiss plaintiff's appeal because the trial court's order is interlocutory and does not affect a substantial right.

## Background

Defendant Alliance Hospitality ("Alliance") is a Georgia LLC that provides hotel management services. Defendant Axis Hospitality ("Axis") is an Illinois corporation, with its principal place of business in Wake County. Axis is owned solely by defendant Rolf Tweeten ("Tweeten") (collectively, Alliance, Axis, and Tweeten are referred to as "defendants"). Sometime in 2007, Axis purchased a 51% interest in Alliance; Tweeten had hired plaintiff as a consultant to help him investigate and acquire the majority interest in Alliance. Later, Axis acquired the rest of Alliance. Nelson and Tweeten allegedly reached an oral agreement that Nelson would receive a ten percent interest in Alliance; Nelson became an Alliance Director and later became CFO of Alliance. Nelson remained CFO

and on the Board of Alliance until January 2011.

In a separate, yet related, series of events, Nelson had several judgments entered against him in other jurisdictions. Specifically, a Tennessee state-court judgment had been entered against Nelson in favor of Orlando Residence ("Orlando"), an unrelated third-party ("the Tennessee judgment"). In addition, on 11 September 2012, Orlando obtained a second judgment in South Carolina against plaintiff in the amount of $4,000,000 ("the South Carolina judgment"). To satisfy the Tennessee judgment, Orlando enforced the judgment in Wisconsin and caused two houses belonging to Mrs. Nelson, plaintiff's wife, to be sold. After entry of the Tennessee judgment and sale of the Wisconsin houses, Nelson was removed from the Alliance board and his CFO position was eliminated. Alliance entered into an agreement to sell certain contracts to Interstate Hotels & Resorts ("Interstate"); the sale closed on 1 April 2011. The sale proceeds from this transaction are central to plaintiff's claims.

Orlando sought to enforce the Tennessee and the South Carolina judgments in North Carolina. Judge Michael J. O'Foghludha in Wake County Superior Court entered charging orders against Nelson's interest in Alliance, requiring Alliance

to pay the distributions of the Interstate sale proceeds to Orlando instead of to Nelson ("the charging orders"). Although Nelson appealed the enforcement of the Tennessee judgment in Wisconsin, it was affirmed by the Wisconsin Court of Appeals. An order was issued by Wake County Court in February 2013 confirming the continued applicability of the 2011 charging order against Nelson.

On 25 February 2011, Nelson filed suit against defendants, bringing claims for: (1) breach of fiduciary duty; (2) constructive fraud; (3) judicial dissolution of Alliance; (4) a declaratory judgment that Nelson owns ten of Alliance's sixty-one outstanding membership interest units; and (5) wrongful termination. Plaintiff's complaint is not included in the record on appeal. Defendants filed counterclaims against plaintiff, but these counterclaims were eventually dismissed by defendants. On 22 March 2011, the matter was designated a complex business case. On 22 November 2011, the wrongful termination claim (claim no. 5) was dismissed by the trial court.

Defendants filed two summary judgment motions. The first motion for summary judgment was in regards to plaintiff's claim for a declaratory judgment that he is a member of Alliance and

the extent of his ownership interest in Alliance (claim no. 4). The actual motion is not included in the record on appeal; however, the trial court's order is included. The trial court denied the motion, concluding that there was a material issue of fact that precluded determining the issues as a matter of law. In other words, the trial court concluded that whether Nelson was a member of Alliance and what his ownership interest was should be decided by a jury.

In the second motion, the subject of this appeal, defendants moved for summary judgment with regard to all of plaintiff's claims for consequential, punitive, and other damages. The grounds for Nelson's claims are premised on his contention that had defendants properly distributed the sales proceeds from the sale of Alliance to Interstate, he would not have had to sell his property in Wisconsin to satisfy the Tennessee judgment. Furthermore, Nelson claims that had Tweeten timely distributed the sale proceeds, Nelson could have paid Orlando on time, and Orlando would not have been forced to obtain the South Carolina judgment against him nor enforce it in North Carolina. After concluding that Georgia law governs Nelson's damage claims, the trial court held that defendants acts were not the proximate cause of Nelson's alleged losses;

instead, Nelson's own failure to pay his debts caused his Wisconsin property to be sold at a loss and for Orlando to obtain a judgment against him in South Carolina. Since Nelson was not entitled to compensatory damages, the trial court also concluded that he was not entitled to punitive damages. By granting summary judgment, the trial court dismissed plaintiff's claims for breach of fiduciary duty and constructive fraud (claim nos. 1 and 2). However, plaintiff's claims for judicial dissolution of Alliance and for a declaratory judgment (claim nos. 3 and 4) were not disposed of by the trial court's order. Plaintiff appeals from this order.

**Discussion**

Initially, we must first consider whether plaintiff may appeal from the trial court's interlocutory order. It is undisputed that the trial court's order is interlocutory because plaintiff's claims for judicial resolution and a declaratory judgment were not disposed of and are still pending. *See Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993) ("A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal"). Defendants contend that plaintiff's appeal is interlocutory and

should be dismissed because the order does not affect a substantial right. In contrast, plaintiff, citing *Tinch v. Video Industries Services*, 347 N.C. 380, 493 S.E.2d 426 (1997), claims that the legal interdependence of his dismissed claims and the remaining claims increases the risk of inconsistent verdicts and affects a substantial right; therefore, the interlocutory order is immediately appealable.

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990).

> There are only two means by which an interlocutory order may be appealed: (1) if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal pursuant to N.C.R. Civ. P. 54(b) or (2) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.

*Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 141, 526 S.E.2d 666, 669 (2000) (internal quotation marks omitted). The burden is on the moving party to show that the "affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party." *Flitt v. Flitt*, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002). Because the trial court's

order does not include a Rule 54(b) certification, we must determine whether it affects a substantial right.

"A substantial right . . . is considered affected if there are overlapping factual issues between the claim determined and any claims which have not yet been determined because such overlap creates the potential for inconsistent verdicts resulting from two trials on the same factual issues." *Sunas*, 113 N.C. App. at 24, 437 S.E.2d at 677 (internal quotation marks omitted). This Court has repeatedly held that the moving party must show that "(1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists." *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 735-36, 460 S.E.2d 332, 335 (1995).

Here, plaintiff has failed to meet his burden of showing that the same factual issues would be present in both trials or that the possibility of inconsistent verdicts in the two proceedings exists. *See id*. Plaintiff's claims for damages arise from his contention that because defendants did not make sufficient distributions from the Interstate sale proceeds, he suffered damages from the sale of his Wisconsin properties and the entry and enforcement of the South Carolina judgment against him. In contrast, the issues regarding the nature and extent of

his alleged interest in Alliance and whether Alliance should be judicially dissolved are predicated on various agreements between the parties and operating agreements. The facts at issue with regard to claim nos. 3 and 4 have no bearing on the trial court's determination that defendants' failure to make distributions did not cause his injury. Thus, there is no risk of inconsistent verdicts because whether Nelson has an interest in and, relatedly, how much interest he has in Alliance has no factual relationship with his claims for damages. Furthermore, plaintiff's reliance on *Tinch* is misplaced. *Tinch* does not stand for the proposition that a dismissal of damage claims automatically constitutes a substantial right; in contrast, *Tinch* requires the Court determine whether there is a risk of inconsistent verdicts in determining whether an interlocutory order affects a substantial right. *Id*. at 382, 493 S.E.2d at 428. As discussed, since the factual bases for plaintiff's claims are not intertwined, there is no risk of inconsistent verdicts. Therefore, we conclude that no substantial right would be lost in denying plaintiff an immediate appeal; accordingly, we dismiss this appeal as interlocutory.

## Conclusion

Because plaintiff has failed to establish that the trial

court's partial grant of summary judgment affects a substantial right, we dismiss plaintiff's appeal.

DISMISSED.

Judges BRYANT and STEELMAN concur.

Report per Rule 30(e).