ERIC DYLAN BYRD, Plaintiff v. JAMES MELVIN ADAMS, Defendant

No. COA01-1162

(Filed 20 August 2002)

### Damages and Remedies— punitive damages—impaired driving—issue of fact

The trial court erred by granting defendant's motion for partial summary judgment on plaintiff's claim for punitive damages arising from an automobile accident where plaintiff based his punitive damages claim on allegations of impaired driving and there was evidence that defendant fell asleep after consuming two beers and 3 prescription drugs, but an Alco-Sensor test indicated that defendant's blood-alcohol level was not above the legal limit. Neither the Alco-Sensor test nor the trooper's observations of defendant are determinative as to whether defendant was impaired in this case.

Appeal by plaintiff from an order entered 11 July 2001 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 23 May 2002.

*Pulley, Watson, King & Lischer, P.A., by Guy W. Crabtree, for plaintiff-appellant.*

*Haywood, Denny, & Miller, L.L.P., by Robert E. Levin, for defendant-appellee.*

CAMPBELL, Judge.

Plaintiff appeals an order dismissing his punitive damages claim against defendant that arose out of a vehicular accident between the parties. For the reasons stated herein, we reverse.

On the evening of 19 April 1997, plaintiff was driving westbound on Interstate 40 in Durham County. Defendant, a medical student, was driving directly behind plaintiff. As both parties proceeded along Interstate 40 at a speed of sixty-five to seventy miles per hour, defendant collided with the rear of plaintiff's vehicle on two occasions. As a result of the second collision, plaintiff lost control of his vehicle and spun around in the median. Defendant's vehicle crossed over the median and the opposite lanes of travel, ultimately coming to a stop in a tree.

Immediately after the accident, defendant became afraid and left the scene. He subsequently called the police from a nearby house. Officers from the Durham City Police Department picked up defendant from the house and returned him to the scene of the accident. Defendant was questioned by Trooper Edmund Watkins ("Trooper Watkins") approximately twenty-five minutes after the accident had taken place. Defendant told Trooper Watkins that he was sleepy prior to colliding with plaintiff's vehicle, but he was uncertain as to whether he had fallen asleep at the wheel or blacked out. Defendant did not realize what had happened until after his vehicle had struck the tree.

As defendant spoke, Trooper Watkins smelled alcohol on his breath and subsequently gave defendant a roadside Alco-Sensor test. Although defendant admitted to having drunk one or two beers prior to the accident, the test results established that his blood alcohol level was below the legal alcohol limit. No other sobriety tests were given because Trooper Watkins determined that his observations of defendant did not otherwise indicate that defendant was intoxicated or impaired. Thus, no charges were brought against defendant for intoxication or impairment, but he was charged with reckless driving and leaving the scene of an accident. Defendant ultimately pled guilty to careless and reckless driving as the result of a plea bargain.

Thereafter, plaintiff filed a complaint dated 4 February 2000 alleging that the accident was the result of defendant's negligence and seeking punitive damages. Plaintiff amended his complaint on 15 May 2001 to add allegations to both his claims, alleging that defendant had been driving while under the influence of an impairing substance at the time of the accident. On 25 April 2001, defendant filed a motion for summary judgment on plaintiff's impairment allegations and plaintiff's claim for punitive damages. On 11 July 2001, the Durham County Superior Court granted defendant's motion for partial summary judg-

ment and dismissed plaintiff's claim for punitive damages.[1] Plaintiff appeals.

Plaintiff assigns error to the trial court's order granting defendant's motion for partial summary judgment of plaintiff's claim for punitive damages. For the following reasons, we reverse the court's decision.

"To prevail on a claim for punitive damages, plaintiff must show that defendant's *established* negligence which proximately caused his injury reached a higher level than ordinary negligence; that it amounted to wantonness, willfulness, or evidenced a reckless indifference to the consequences of the act." *Moose v. Nissan of Statesville*, 115 N.C. App. 423, 428, 444 S.E.2d 694, 697 (1994) (citations omitted). In actions involving motor vehicle accidents, this "higher level than ordinary negligence" (hereinafter "gross negligence") can be established "where at least one of three rather dynamic factors is present: (1) defendant is intoxicated . . .; (2) defendant is driving at excessive speeds . . .; or (3) defendant is engaged in a racing competition[.]" *Yancey v. Lea*, 354 N.C. 48, 53-54, 550 S.E.2d 155, 158 (2001) (citations omitted). Here, plaintiff's complaint included claims for negligence and punitive damages, both of which alleged that defendant was impaired and under the influence of an intoxicating substance when he collided with plaintiff's vehicle. Plaintiff included these allegations to establish the willful and wanton element needed to support his punitive damages claim arising out of the parties' vehicular accident. Based on our review of the record and trial transcript, we conclude the court erred in ultimately granting defendant's motion for partial summary judgment on this claim.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). The burden of establishing the lack of a triable issue of fact resides with the movant. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 62-63, 414 S.E.2d 339, 342 (1992). A movant-defendant may meet this burden by proving "either the non-existence of an essential element of the plaintiff's claim or that the plaintiff has no evidence of an essential

---

1. Even though the order only mentions plaintiff's claim for punitive damages, we presume that the trial court also granted partial summary judgment on plaintiff's impairment allegations based on the case law provided in this opinion.

element of her claim." *Nourse v. Food Lion, Inc.*, 127 N.C. App. 235, 239, 488 S.E.2d 608, 611 (1997). Once the movant-defendant meets this burden, then the plaintiff must "produce a forecast of evidence demonstrating that the plaintiff will be able to make out at least a prima facie case at trial." *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). In order to meet his burden, the plaintiff "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." § 1A-1, Rule 56(e). In determining whether summary judgment is appropriate, "[a]ll inferences of fact must be drawn against the movant and in favor of the nonmovant." *Roumillat*, 331 N.C. at 63, 414 S.E.2d at 342.

In the case *sub judice*, when all inferences of fact are drawn in favor of plaintiff, defendant is unable to meet his burden of proving that plaintiff had no evidence establishing impairment to support the willful and wanton element of his punitive damages claim. Evidence was offered that defendant "fell asleep" while driving his vehicle, but did not wake up until after (1) having collided with the rear of plaintiff's vehicle, (2) having then crossed over the interstate median and the opposite lanes of travel, and (3) eventually having come to a stop in a tree. Also, defendant conceded that he had consumed two beers and taken three prescription drugs prior to the accident. Our statutes define an impairing substance as alcohol or "any other drug or psychoactive substance capable of impairing a person's physical or mental faculties . . . ." § 20-4.01 (14a). Defendant offered no evidence that these prescription drugs (1) were not impairing substances and (2) to refute the implication that mixing alcohol and these drugs would not have impaired his ability to drive.

Finally, evidence was offered regarding the Alco-Sensor test defendant was given by Trooper Watkins, which indicated defendant's blood-alcohol level was not above the legal limit. In his deposition, Trooper Watkins testified that this test is not a legal screening device; it is used only "to detect if there's any alcohol concentration on a person's breath." Furthermore, the results of Alco-Sensor test, as well as Trooper Watkins' contemporaneous observations of defendant, took place approximately twenty-five minutes after the accident. Therefore, this test and Trooper Watkins' observations are not completely determinative as to whether defendant was impaired, especially in light of defendant not having undergone an actual legal test to determine his blood-alcohol level (such as an Intoxilyzer test) nor

any other field sobriety tests. In the absence of such evidence, the remaining evidence presented to the court could have allowed a jury to possibly recognize and estimate defendant's alleged impairment because he had consumed alcohol and prescription drugs that may have caused him to " 'lose the normal control of his bodily or mental facilities to such an extent that there is an appreciable impairment of either or both of these faculties.' " *State v. Harrington,* 78 N.C. App. 39, 45, 336 S.E.2d 852, 855 (1985) (quoting *State v. Carroll,* 226 N.C. 237, 241, 37 S.E.2d 688, 691 (1946)). Taking this evidence with all inferences of fact drawn in plaintiff's favor, there is a genuine issue regarding plaintiff's punitive damages claim which must be resolved by a jury along with the issue of defendant's alleged impairment.

Accordingly, the trial court erred in granting defendant's motion for partial summary judgment on the plaintiff's claim for punitive damages.

Reversed.

Judges MARTIN and TIMMONS-GOODSON concur.