EATMON v. ANDREWS

[161 N.C. App. 536 (2003)]

═══════════════

BRENDA HIGH EATMON, PLAINTIFF v. ROBERT MICHAEL ANDREWS, JR., AND POWERSCREEN MID-ATLANTIC, INC., DEFENDANTS

No. COA03-128

(Filed 2 December 2003)

**Damages and Remedies— punitive—car crash after drinking— evidence sufficient**

There was sufficient evidence to go to the jury on punitive damages in a car crash case, and the trial court erred by granting a directed verdict for defendant, where defendant caused a collision after drinking two twelve ounce beers, admitted fleeing the scene to avoid the Breathalyzer, and no blood alcohol content was ever obtained.

Appeal by plaintiff from order entered 28 August 2002 by Judge Frank R. Brown in the Superior Court in Wilson County. Heard in the Court of Appeals 30 October 2003.

EATMON v. ANDREWS

[161 N.C. App. 536 (2003)]

*Taylor Law Office, by W. Earl Taylor, Jr., for plaintiff-appellant.*

*Battle, Winslow, Scott & Wiley, P.A., by W. Dudley Whitley, III, for defendant-appellees.*

HUDSON, Judge.

On 9 March 2001, plaintiff filed a civil complaint against defendant seeking compensatory and punitive damages for personal injuries resulting from a car crash. Defendant moved for summary judgment on the issue of punitive damages on 1 April 2002, and following a hearing on 6 May 2002, the court denied the motion. Defendants moved to bifurcate the trial regarding compensatory and punitive damages. The court allowed the motion to bifurcate and the trial on liability and compensatory damages began on 12 August 2002. The jury awarded plaintiff $45,000 for her personal injuries, and the court directed a verdict in favor of defendant at the close of plaintiff's evidence in the punitive damages portion of the trial. Plaintiff assigns error to the trial court's directed verdict for defendant on plaintiff's claim for punitive damages. For the reasons discussed below, we vacate the directed verdict for defendant on the issue of punitive damages and remand for further proceedings.

The evidence showed that on 13 September 2000, plaintiff entered an intersection in Wilson on a green light, and collided with defendant, who, operating his employer's vehicle, failed to yield the right of way. Plaintiff suffered personal injuries and lost wages as a result of the collision. During the punitive damages portion of the trial, defendant acknowledged that he had left the bar at Applebee's just prior to the collision, and admitted consuming two twelve ounce beers in the two to three hours he spent at the bar. Immediately after the wreck, defendant walked away from the scene, to a convenience store, where he found a ride to a hotel. Defendant testified that he left the scene because he had a previous conviction for driving while impaired, knew that he had been drinking before the accident, and knew that the legal blood alcohol level had been lowered. Because he made his living by driving, defendant testified, he wanted to avoid taking a Breathalyzer test. After spending the night at the hotel, defendant called several attorneys and then came forward and identified himself as the driver involved in the accident.

"The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is

sufficient as a matter of law to be submitted to the jury." *Davis v. Dennis Lilly Co.*, 330 N.C. 314, 322-23, 411 S.E.2d 133, 138 (1991). When reviewing a directed verdict, "the question is whether there is sufficient evidence to sustain a jury verdict in the non-moving party's favor, or to present a question for the jury." *Id.* We thus consider whether the evidence presented here, taken in the light most favorable to plaintiff, was sufficient to present a question for the jury on plaintiff's claim for punitive damages.

"To prevail on a claim for punitive damages plaintiff must show that defendant's established negligence which proximately caused his injury reached a higher level than ordinary negligence; that it amounted to wantonness, willfulness, or evidenced a reckless indifference to the consequences of the act." *Moose v. Nissan of Statesville*, 115 N.C. App. 423, 428, 444 S.E.2d 694, 697 (1994) (internal citations omitted). Such gross negligence can be established where a defendant is intoxicated. *Byrd v. Adams*, 152 N.C. App. 460, 462, 568 S.E.2d 640, 642 (2002).

In *Byrd*, evidence was offered that defendant 'fell asleep' while driving and did not wake up until after his vehicle rear-ended plaintiff's car, crossed over the interstate median and the opposite lanes of travel, and crashed into a tree. *Id.* at 463, 568 S.E.2d at 643. In addition, the defendant conceded that he had consumed two beers and taken three prescription drugs prior to the incident. *Id.* After the crash, the defendant left the scene, and went to a nearby house where he called the police. *Id.* at 461, 568 S.E.2d at 641. The police picked up defendant and returned him to the scene about twenty-five minutes after the accident. *Id.* At that time, a state trooper gave defendant an Alco-Sensor test, which indicated defendant's blood-alcohol level was below the legal limit. The test is not a legal screening device, but is simply used to measure any alcohol concentration. *Id.* The trial court, however, granted summary judgment in defendant's favor on the issue of punitive damages. Despite the test result, this Court reversed, holding that the evidence, taken in the light most favorable to the plaintiff, "could have allowed a jury to possibly recognize and estimate defendant's alleged impairment," sufficiently to justify a finding of gross negligence and an award of punitive damages. *Id.* at 464, 568 S.E.2d at 643.

Here, as in *Byrd*, the evidence presented a question for the jury on punitive damages. Defendant caused a collision after consuming two twelve ounce beers and admitted having fled the scene to avoid taking the Breathalyzer. Defendant spent the entire night at a hotel

**EATMON v. ANDREWS**

[161 N.C. App. 536 (2003)]

before contacting the police, and as a result no blood alcohol content was ever obtained. Drawing all inferences of fact in plaintiff's favor, the evidence is sufficient to present a jury question on the plaintiff's punitive damages claim. Thus, the court erred in directing a verdict for the defendant.

Reversed in part and judgment vacated in part; remanded for trial on punitive damages.

Judges McGEE and CALABRIA concur.