WILLIAM TIMOTHY LOVICK, Plaintiff,
v.
CARL O. FARRIS and SANFORD INDUSTRIAL CONTRACTING, INC., Defendants.
No. COA08-1335
Court of Appeals of North Carolina.
Filed June 2, 2009
Staton, Doster, Post, Silverman & Foushee, P.A., by Norman C. Post, Jr., for plaintiff-appellant.
Burton & Sue, L.L.P., by Walter K. Burton and Stephanie W. Anderson, for defendant-appellee Sanford Industrial Contracting, Inc.
GEER, Judge.
Plaintiff William Timothy Lovick appeals from the trial court's order granting partial summary judgment to defendant Sanford Industrial Contracting, Inc. ("Sanford Industrial") on Lovick's claim for punitive damages. Because the sole authority cited by Lovick in support of immediate review by this Court of this interlocutory order does not establish that a substantial right has been affected, we must dismiss Lovick's appeal.

Facts
On 13 May 2007, at approximately 9:35 p.m., Lovick, operating his 1993 Nissan pickup truck, was stopped at a stop sign onEvergreen Lane, facing north at the intersection of Evergreen Lane with Fields Drive in Sanford, North Carolina. Defendant Carl O. Farris, also traveling north on Evergreen Lane, collided with the rear of Lovick's vehicle.
Officer David Cortes of the Sanford Police Department responded to the accident scene and smelled the odor of alcohol on Farris' breath. Farris refused to perform field sobriety tests and refused to submit to a chemical analysis of his breath. Captain Jamie Thomas arrived at the scene of the accident and determined that the 1996 GMC truck Farris was driving was registered to Sanford Industrial. Thomas asked Farris why he was driving Sanford Industrial's truck on a Sunday evening, and Farris told him that he was employed by Sanford Industrial, that he drove the truck all the time, and that he was allowed to treat the truck as if it were his own truck. Sanford Industrial, however, claims that Farris was driving the truck without its knowledge or permission.
Farris was arrested for driving while impaired ("DWI") and driving with a revoked license. Farris was transported to the Sanford Police Department where he refused to take an Intoxilyzer test and again refused to perform sobriety tests. A magistrate subsequently found no probable cause as to the DWI charge, but found probable cause as to the driving with a revoked license charge.
Lovick filed suit against Farris and Sanford Industrial on 10 September 2007, alleging that the negligent acts of Farris in causing the accident should be imputed to Sanford Industrial basedon an agency relationship between Farris and Sanford Industrial. The complaint further alleged that Sanford Industrial  apart from the imputed acts  was negligent in authorizing Farris to drive its truck when it knew or should have known (1) that Farris had previously driven while impaired and/or while his license was revoked, (2) that his driving privileges had been revoked for numerous convictions of driving while his license was revoked and/or DWI, (3) that Farris was driving on the date at issue while his license was revoked and/or while appreciably impaired by alcohol, and (4) that Farris, if given the opportunity, would likely drive while his license was revoked or while appreciably impaired by alcohol and likely cause personal injury to individuals such as Lovick. The complaint further alleged that Lovick was entitled to recover punitive damages from both defendants because defendants' conduct was in willful and wanton disregard for the rights of Lovick; the conduct constituted gross negligence; and Sanford Industrial consented to or condoned Farris' conduct.
On 16 November 2007, defendants filed an answer admitting Farris' negligence, but denying all other allegations of negligence. On 12 March 2008, defendants filed a motion for partial summary judgment as to the punitive damages claim asserted against Farris and as to all claims asserted against Sanford Industrial. On 17 July 2008, the trial court entered an order granting partial summary judgment on Lovick's claim for punitive damages against Sanford Industrial, but denying summary judgment onall of Lovick's remaining claims. Lovick filed notice of appeal of that order the same day.

Discussion
We must first address whether Lovick's appeal from this interlocutory order is properly before the Court. An order is interlocutory if it is made during the pendency of an action and does not dispose of the case, but rather the trial court must take further action in order to finally determine the entire controversy. Cagle v. Teachy, 111 N.C. App. 244, 247, 431 S.E.2d 801, 803 (1993). Since the order on partial summary judgment left pending all of Lovick's claims against defendant Farris and Lovick's claims for compensatory damages against Sanford Industrial, the order is interlocutory. See Jarrell v. Coastal Emergency Servs. of the Carolinas, Inc., 121 N.C. App. 198, 199, 464 S.E.2d 720, 722 (1995) ("Orders which do not dispose of the action as to all parties are interlocutory."); Hoots v. Pryor, 106 N.C. App. 397, 400-01, 417 S.E.2d 269, 272 (classifying order as interlocutory where order dismissed some of plaintiffs' claims but left one claim still pending), disc. review denied, 332 N.C. 345, 421 S.E.2d 148 (1992).
Generally, there is no right to appeal from an interlocutory order unless (1) the trial court made the required certification under Rule 54(b) of the Rules of Civil Procedure, or (2) the order affects a substantial right that would be lost without immediate review. Eckard v. Smith, 166 N.C. App. 312, 316, 603 S.E.2d 134, 137-38 (2004), disc. review denied in part, 359 N.C. 321, 611S.E.2d 410, aff'd per curiam in part, 360 N.C. 51, 619 S.E.2d 503 (2005). The burden of establishing this Court's jurisdiction to hear an appeal from an interlocutory order is on the appellant. Turner v. Norfolk S. Corp., 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000).
As the trial court did not certify its order for immediate appeal under Rule 54(b), Lovick must show that the dismissal of his punitive damages claim against Sanford Industrial affects a substantial right that would be lost without immediate review. With respect to this burden, Rule 28(b)(4) of the Rules of Appellate Procedure requires each appellant's brief to contain a statement of the grounds for appellate review:
Such statement shall include citation of the statute or statutes permitting appellate review. When an appeal is based on Rule 54(b) of the Rules of Civil Procedure, the statement shall show that there has been a final judgment as to one or more but fewer than all of the claims or parties and that there has been a certification by the trial court that there is no just reason for delay. When an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.

(Emphasis added.) Lovick's statement of the grounds for appellate review states in its entirety: "This Court has jurisdiction pursuant to N.C. Gen. Stat. §§ 7A-27(b), (d), N.C. Gen. Stat. § 1-277 and Oestreicher v. [Am. Natural] Stores[, Inc.], 290 N.C. 118, 225 S.E.2d 797 (1976)."
In Oestreicher, 290 N.C. at 130, 225 S.E.2d at 805, the Supreme Court held that the trial court's grant of partial summaryjudgment as to the plaintiff's punitive damages claim affected a substantial right and was immediately appealable because the plaintiff had a right to have his claims for breach of contract and for punitive damages heard by the same judge and jury. This Court, however, in Moose v. Nissan of Statesville, Inc., 115 N.C. App. 423, 444 S.E.2d 694 (1994), explained that the Supreme Court in Green v. Duke Power Co., 305 N.C. 603, 290 S.E.2d 593 (1982), refined its holding in Oestreicher:
First, the Green Court held that generally the right to avoid a trial is not a substantial right, but avoiding two trials on the same issues may be. The Court then created what we believe to be a two-part test by stating that "the possibility of undergoing a second trial affects a substantial right only when the same issues are present in both trials, creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue." Id. at 608, 290 S.E.2d at 596. In other words, not only must the same issues be present in both trials, but it must be shown that a possibility of inconsistent verdicts may result before a substantial right is affected.
115 N.C. App. at 426, 444 S.E.2d at 697.
The Court noted that "in case after case involving summary judgment of punitive damages, Oestreicher has been cited too often by rote. It is the opinion of this Court that the rulings during the nearly two decades following Oestreicher have effectively eliminated the application of the doctrine to this issue." Id. at 429, 444 S.E.2d at 698. The Court then explained that in a negligence case, although the issues regarding negligence and punitive damages are "based on the same facts, the issues beforethe jury are separate." Id. at 428, 444 S.E.2d at 697. Further, "[b]ecause the issues are separate, there is no possibility of inconsistent verdicts should plaintiff prevail on a later appeal." Id. Consequently, the Court held, "based upon the reasoning in Green," that "the doctrine of substantial rights [is inapplicable in] cases wherein partial summary judgment has been granted denying a claim for punitive damages." Id. at 427, 444 S.E.2d at 697.
The only authority relied upon by Lovick  Oestreicher  is, therefore, no longer controlling precedent. We are aware that other arguments might justify a conclusion that a substantial right is affected in this case, but, as this Court stressed in Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994):
It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.
See also Viar v. N.C. Dep't of Transp., 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (reversing this Court for resolving appeal on ground not raised by appellant because "[i]t is not the role of the appellate courts . . . to create an appeal for an appellant"). Since the sole argument advanced by Lovick in support of interlocutory review does not support jurisdiction in this Court, we are required to dismiss this appeal.
Dismissed. Judges BRYANT and STEPHENS concur.
Report per Rule 30(e).