IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-584

No. COA20-654

Filed 2 November 2021

Pitt County, No. 17 CVS 2569

GREENBRIER PLACE, LLC, Plaintiff,

v.

BALDWIN DESIGN CONSULTANTS, P.A., and MICHAEL W. BALDWIN, Defendants.

Appeal by plaintiff from order entered 16 March 2020 by Judge Jeffery B. Foster in Pitt County Superior Court. Heard in the Court of Appeals 22 September 2021.

*Law Office of W. Gregory Duke, by W. Gregory Duke, for plaintiff-appellant.*

*Cranfill Sumner LLP, by Steven A. Bader and Daniel G. Katzenbach, for defendants-appellees.*

ARROWOOD, Judge.

¶ 1 Greenbrier Place, LLC ("plaintiff") appeals from the trial court's order granting partial summary judgment in favor of Baldwin Design Consultants, P.A. and Michael W. Baldwin ("defendants"). Plaintiff contends the trial court erred in granting defendants' motion for summary judgment, specifically arguing that the ruling affects a substantial right and creates a possibility of inconsistent verdicts. Defendant has filed a motion to dismiss plaintiff's appeal, arguing the appeal is interlocutory and

does not affect a substantial right. For the following reasons, we dismiss plaintiff's appeal.

## I. Background

Plaintiff is a North Carolina limited liability company formed for the purposes of developing a residential subdivision known as Greenbrier Place. Plaintiff filed a complaint against defendants on 12 October 2017, asserting claims of negligence, negligent misrepresentation, breach of contract, unfair and deceptive trade practices, fraud, and constructive fraud. In the complaint, plaintiff alleged that on 20 August 2015, defendants produced and provided a "Probable Development Costs Estimate" to Cherry Construction Company, Inc. ("Cherry Construction") acting as plaintiff's agent. The estimate concerned the development of a forty-three lot Greenbrier Place residential neighborhood and included an estimate in the amount of $1,066,259.84. Plaintiff purchased the land for development on 29 December 2015. Plaintiff alleged that on or around February 2016, defendants provided plaintiffs with an updated "Summary of Development Costs" estimating total costs of $818,337.51 for twenty eight of the forty-three proposed lots, reflecting an increase "by a minimum amount of $190,472.80[.]"

Defendant Michael W. Baldwin ("Baldwin") filed an answer and third-party complaint on 18 December 2017. Defendant Baldwin Design Consultants, P.A. ("Baldwin Design Consultants") filed counterclaims on 15 July 2019.

¶ 4 On 26 July 2019, plaintiff filed a response to Baldwin Design Consultants' counterclaims which included affirmative defenses and a motion to dismiss the counterclaims for failure to state a claim upon which relief could be granted.

¶ 5 On 19 November 2019, defendants filed a motion for partial summary judgment as to plaintiff's claims for unfair and deceptive trade practices, fraud, and constructive fraud. On 27 November 2019, plaintiff filed a motion in opposition seeking summary judgment on all six of plaintiff's claims as well as Baldwin Design Consultant's counterclaims.

¶ 6 The matter came on for hearing on 9 December 2019 in Pitt County Superior Court, Judge Foster presiding.

¶ 7 On 16 March 2020, the trial court entered an order granting defendants' motion for partial summary judgment and denying plaintiff's motion for summary judgment and motion in opposition. The order did not provide certification for appeal pursuant to North Carolina Rules of Civil Procedure Rule 54(b).

¶ 8 Plaintiff filed written notice of appeal on 14 April 2020.

## II.  Discussion

¶ 9 Plaintiff contends the trial court erred in granting defendants' partial motion for summary judgment. Before addressing plaintiff's arguments, we must address defendants' motion to dismiss plaintiff's appeal as interlocutory.

¶ 10 " 'An interlocutory order is one made during the pendency of an action, which

does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.'" *Hanesbrands Inc. v. Fowler*, 369 N.C. 216, 218, 794 S.E.2d 497, 499 (2016) (quoting *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). Review of an interlocutory ruling is proper if the trial court certifies the case for appeal pursuant to North Carolina Rules of Civil Procedure Rule 54(b), or if the ruling deprives the appellant of a substantial right that will be lost absent immediate review. N.C. Gen. Stat. §§ 1-277(a), 7A-27(b)(3) (2019). "The appellants must present more than a bare assertion that the order affects a substantial right; they must demonstrate *why* the order affects a substantial right." *Hoke Cty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277-78, 679 S.E.2d 512, 516 (2009) (emphasis in original).

¶ 11 Our Supreme Court has determined that a "substantial right is 'a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which [one] is entitled to have preserved and protected by law: a material right.'" *Gilbert v. N.C. State Bar*, 363 N.C. 70, 75, 678 S.E.2d 602, 605 (2009) (alteration in original) (quoting *Oestreicher v. Am. Nat'l Stores, Inc.*, 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976)).

¶ 12 The inconsistent verdicts doctrine is a subset of the substantial rights doctrine and is "often misunderstood." *Shearon Farms Townhome Owners Ass'n II, Inc. v. Shearon Farms Dev., LLC*, 272 N.C. App. 643, 646, 847 S.E.2d 229, 233 (2020), *disc.*

*review denied*, 377 N.C. 566, 858 S.E.2d 284 (2021). An appellant is required to show "that the same factual issues are present in both trials *and* that [appellants] will be prejudiced by the possibility that inconsistent verdicts may result." *Hien Nguyen v. Taylor*, 200 N.C. App. 387, 391, 684 S.E.2d 470, 473-74 (2009) (citing *Moose v. Nissan of Statesville,* 115 N.C. App. 423, 426, 444 S.E.2d 694, 697 (1994)). Avoiding separate trials on different issues does not affect a substantial right. *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.,* 88 N.C. App. 1, 7, 362 S.E.2d 812, 816 (1987). Additionally, "[t]he mere fact that claims arise from a single event, transaction, or occurrence does not, without more, necessitate a conclusion that inconsistent verdicts may occur unless all of the affected claims are considered in a single proceeding." *Hamilton v. Mortg. Info. Servs., Inc.*, 212 N.C. App. 73, 80, 711 S.E.2d 185, 190 (2011).

¶ 13        "It is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal, . . . and not the duty of this Court to construct arguments for or find support for appellant's right to appeal[.]" *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, *aff'd*, 360 N.C. 53, 619 S.E.2d 502 (2005) (citation omitted). "Where the appellant fails to carry the burden of making such a showing to the court, the appeal will be dismissed." *Id.* (citing *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994)).

¶ 14        Plaintiff cites *Carcano v. JBSS, LLC*, 200 N.C. App. 162, 684 S.E.2d 41 (2009) to support application of the inconsistent verdict doctrine. In *Carcano*, this Court

found that the plaintiffs demonstrated the risk of an inconsistent verdict because two facts—whether "defendants caused plaintiffs' damages by falsely representing that 'JBSS, LLC,' validly existed as an LLC and by inducing plaintiffs to invest in the business"—would likely be determinative of all claims and that two juries could reach different outcomes on these overlapping factual issues. *Carcano*, 200 N.C. App. at 168, 684 S.E.2d at 47.

¶ 15        In the case *sub judice*, plaintiff argues that the trial court's order affects a substantial right because there are factual issues common to all claims, including whether defendants caused plaintiff's damages "by falsely representing that all of the costs of developing the residential subdivision project were included in the PDC Estimates[.]" Plaintiff also raises factual issues related to a vegetative buffer required by city code, whether defendants should have included disclaimers or exclusions of costs not reflected in the PDC estimates, and whether defendants should have obtained updated subcontractor bids for the estimates rather than relying on data from prior projects.

¶ 16        Defendants argue that plaintiff's remaining claims for negligence, negligent misrepresentation, and breach of contract require different proof than the unfair and deceptive trade practices and fraud claims disposed of by the trial court. This Court has held that negligence claims require different proof than claims for unfair and deceptive trade practices or fraud. *See Ausley v. Bishop*, 133 N.C. App. 210, 218, 515

S.E.2d 72, 78 (1999) (claim of fraud differs from claim of negligence); *Noble v. Hooters of Greenville (NC), LLC*, 199 N.C. App. 163, 172, 681 S.E.2d 448, 455 (2009) (unfair and deceptive trade practices violation requires more than negligence). This Court has also recognized "that actions for unfair or deceptive trade practices are distinct from actions for breach of contract and that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C. [Gen. Stat.] § 75-1.1." *Branch Banking & Tr. Co. v. Thompson*, 107 N.C. App. 53, 62, 418 S.E.2d 694, 700 (1992) (citations omitted). Additionally, failure to perform under the terms of a contract, standing alone, does not support a claim of fraud. *Hoyle v. Bagby*, 253 N.C. 778, 781, 117 S.E.2d 760, 762 (1961) ("It is the general rule that an unfulfilled promise cannot be made the basis for an action for fraud.").

Although plaintiff presents several facts from which the claims arise, plaintiff has failed to carry the burden of showing that the inconsistent verdict doctrine applies. Plaintiff's remaining claims require different proof than the claims resolved on summary judgment, and accordingly plaintiff has failed to identify common facts that are determinative of all claims. Because plaintiff has failed to show that a substantial right has been affected, we grant defendants' motion to dismiss plaintiff's appeal.

### III.   Conclusion

For the foregoing reasons, we dismiss plaintiff's appeal.

DISMISSED.

Judges CARPENTER and GRIFFIN concur.